IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SANDRA VILLELA, as Special Administrator
Of the Estate of Vicente Antonio Villela,
and as Personal Representative of the Wrongful
Death Estate of Antonio Villela, and GUADALUPE
MOTA, Individually and as next-friend of the minor
Child Abril Sofia Villela and Julio Vicente Villela,**

     Plaintiffs,

vs.                                                              **CIV 19-805 SCY/JHR**

**BERNALILLO COUNTY, CORRECTIONS
OFFICER LT. KEITH BRANDON,
CORRECTIONS OFFICER LT. ERICA
GUTIERREZ, CORRECTIONS OFFICER
JOHN SANDOVAL, CORRECTIONS OFFICER
SETH ROMERO, CORRECTIONS OFFICER
DAVID HUNTER, CORRECTIONS OFFICER
SEAN ADDY, CORRECTIONS OFFICER JESSE
THOMPSON, CORRECTIONS OFFICER LEVI
CAIZZA, CORRECTIONS OFFICER ARMANDO
GRANILLO, collectively both Individually and in
their Official Capacities,**

     Defendants.

## ORDER DEFERRING RULING ON MOTION
## TO INTERVENE AND STAYING CASE

THIS MATTER comes before the Court on "Personal Representative Adam S. Baker's Motion for Leave to Intervene and Substitute in as Plaintiff for Wrongful Death Claims Pursuant to Fed. R. Civ. P. 17(b)(3), Fed. R. Civ, P. 24, and Fed. R. Civ. P. 25," filed October 18, 2019, Doc. 12, and fully briefed November 18, 2019, Docs. 18, 23, 25. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P 73(b), the parties, including the proposed intervenor, have consented to me serving as the presiding judge and entering final judgment. Docs. 8, 9, 10, 15, 17. Having considered the parties' arguments and all relevant authority, the Court will defer ruling on this

1

Motion and stay this case until the state court resolves the issue currently pending before it about who should serve as the personal representative of decedent's estate.

According to the Complaint, Vicente Antonio Villela died from asphyxiation while being detained at Bernalillo County Metropolitan Detention Center after a Corrections Officer put his knee and his entire weight on Mr. Villela's back. Doc. 1-1 ¶¶ 22, 52, 72. The present motion involves a dispute as to which members of decedent's family, and their respective attorneys, should be allowed to bring a lawsuit on behalf of decedent's estate.

Decedent has three children. His eldest son, Vicente Alfredo Villela, is an adult who is represented by attorneys Matthew Vance and Matthew Coyte. Mr. Vance entered into a fee agreement with another attorney, Adam S. Baker, to serve as the personal representative of the wrongful death estate. Mr. Baker is the putative intervenor in the present case. Decedent also has two minor children, Abril Sofia Villela and Julio Vicente Villela, with his long-time girlfriend, Guadalupe Mota (or Guadalupe Flores). Ms. Flores and decedent's sister, Sandra Villela, are represented by attorney Charles Lakins. They are the named plaintiffs in the present case.

The adult son and the sister each want to be the sole determiner of who represents the estate. Their dispute implicates three separate cases and has resulted in potentially conflicting court orders.

1. The "wrongful death personal representative" appointment.

On March 8, 2019, with the support and consent of the adult son, Mr. Baker filed a petition in New Mexico state district court requesting that he be appointed as the personal representative for the purpose of investigating and pursuing a lawsuit pursuant to the New

2

Mexico Wrongful Death statute, NMSA 1978 § 41-2-1[1]. *In the Matter of Adam S. Baker*, D-202-CV-2019-02001 (Mar. 8, 2019). District Judge Beatrice Brickhouse granted that petition in March 2019. Doc. 23-1. In November 2019, the sister re-opened the case and moved to ratify her appointment as personal representative and displace the personal representative chosen by the adult son. To date, Judge Brickhouse has not yet set a hearing on that recently filed motion.

2. The "probate estate" appointment.

On July 24, 2019, the sister opened a case in probate court by filing an application for her informal appointment as a special administrator of the probate estate. *In the Matter of the Estate of Vicente Antonio Villela*, D-202-PB-2019-00407 (July 24, 2019); *see* Doc. 23-2. On July 27, 2019, District Judge Victor Lopez granted the appointment. On November 6, the adult son filed a petition objecting to the appointment and requesting an order restraining the sister from performing any acts on behalf of the estate. Judge Lopez held a hearing on November 15, 2019, during which he apparently ordered that the issue of conflicting appointments would be resolved by Judge Brickhouse. The parties are currently disputing the form of proposed order to follow from that hearing.

3. The instant case.

On July 25, 2019, the sister filed a complaint in state court bringing state-law and constitutional claims for the death of Vicente Antonio Villela. Doc. 1-1. The plaintiffs are captioned as Sandra Villela, as special administrator and personal representative for the wrongful death estate of Vicente Antonio Villela, and Guadalupe Mota, individually and on behalf of her children. *Id.* The Complaint brings six counts: (1) violation of New Mexico Tort Claims Act; (2)

---

[1] New Mexico's Wrongful Death Act allows an action to go forward against the wrongdoer even after the death of the victim. NMSA 1978 § 41-2-1. Every action brought under the Wrongful Death Act must be brought in the name of the personal representative. NMSA 1978 § 41-2-3.

excessive force; (3) failure to intervene; (4) wrongful death under NMSA § 41-2-1; (5) loss of consortium; and (6) punitive damages. *Id.* Defendants removed the case to federal court. Doc. 1.

Mr. Baker, the personal representative chosen by the adult son, filed the instant motion to intervene and substitute as plaintiff on October 18, 2019. Doc. 12. He asserts that he is the personal representative of the wrongful death estate of Vicente Antonio Villela. *Id.* The sister objects, asserting that, as the special administrator of her brother's estate, she is the appropriate party to bring the Section 1983 claims and she should be recognized as the wrongful death personal representative. Doc. 18 at 20-21.

The central issue in the present motion is whether the personal representative chosen by the adult son, the sister, or both are the proper plaintiffs to bring this lawsuit, given that Judge Brickhouse has appointed Mr. Baker as personal representative under the Wrongful Death Act and Judge Lopez has appointed the sister to be the special administrator of the probate estate. As discussed above, Judge Lopez has deferred to Judge Brickhouse on this issue. The outcome of Judge Brickhouse's decision will likely impact, or even moot, the present motion. This Court cannot overrule or change the state court's order appointing the personal representative for the wrongful death estate. The interpretation of the state laws governing the appointment of personal representatives is a matter appropriately before Judge Brickhouse in state court. Therefore, the Court will defer ruling on the present motion until after Judge Brickhouse has resolved the issue of the potentially conflicting appointments. *See Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (holding that the Court has inherent authority to manage its docket "with a view toward the efficient and expedient resolution of cases."); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (the district court has inherent power to stay proceedings pending resolution of parallel actions in other courts).

IT IS THEREFORE ORDERED that this case is stayed pending resolution of Motion to Ratify Sandra Villela as Wrongful Death Personal Representative in state court case D-202-CV-2019-02001. Plaintiffs shall file a status report informing the Court when Judge Brickhouse resolves the Motion to Ratify Sandra Villela as Wrongful Death Personal Representative. The Court will then determine if supplemental briefing or a hearing is needed on the present motion.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent